FILED
JUN 26 2007
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

Southern DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 4:07-CR-145-UWC-RRA |
| ) | |
| RAYMOND KIRK DILLARD ) | |
| also know as, ) | |
| JEFF OSBORNE ) | |

## PLEA AGREEMENT

The United States of America and defendant RAYMOND KIRK DILLARD hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to plead guilty to **COUNTS One, Two, Three, Four, Five,** and **Six** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT SEVEN** and to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Conspiracy, in violation of Title 18, United States Code, Section 371, as charged in COUNTS ONE and TWO, is:

    a.    Imprisonment for not more than five (5) years;

    b.    A fine of not more than $250,000, or,

    c.    Both (a and b);

    d.    Supervised release of not three (3)years; and

    e.    Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of making a destructive device or firearm, in violation of Title 26, United States Code, Section 5861(f), as charged in COUNTS THREE and FOUR, is:

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $ 250,000;

    c.    Supervised release term of not more than three (3) years; and

    d.    Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that

*R.K.D.*

may be imposed for the crime of possession of a firearm by a person who has been convicted of a felony, violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT FIVE, is:

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $ 250,000;

    c.    Supervised release term of not more than three (3) years; and

    d.    Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of possession of a destructive device not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d), as charged in COUNT SIX, is:

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $ 10,000;

    c.    Supervised release term of not more than three (3) years; and

    d.    Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

In the fall of 2006, a Confidential Informant (CI) working with the ATF met a forty-six (46) year old white male who identified himself as "JEFF OSBORNE" while at a local flea market called "Trade Day." OSBORNE, whose true name is RAYMOND KIRK DILLARD, told the CI about the "Free Militia," a small militia of which DILLARD was a part and in which he held the rank of Major. DILLARD and the CI maintained contact and eventually, DILLARD showed the CI two hand grenades at DILLARD's residence.

The CI eventually was accepted into the Free Militia and was given the rank of Sergeant Major. The CI has been present for conversations among the members of the Free Militia. From those conversations, the CI learned that the Free Militia was stockpiling weapons for a war with the United States Government that they believed to be inevitable due to overbearing government control that had "gotten out of hand."

The CI also learned that the Free Militia strongly opposed illegal immigration, specifically immigrants from Mexico. The CI learned that Free Militia members had received information about a group of illegal immigrants of

R.K.D.

Mexican descent who congregated on weekends in the area of Birmingham, Alabama, for the purpose of shooting automatic weapons. The DeKalb County branch of the Free Militia, lead by DILLARD, planned to scout the location where this activity occurred and then "raid the Mexicans." The purpose of this planned "raid" was to seize the illegal immigrant's automatic weapons for use by the Free Militia.

The CI advised law enforcement that the Free Militia planned to conduct this reconnaissance and "raid" in the near future. The CI further advised that the Free Militia members claimed to own a rocket launcher and rockets that they stored in a small cave in DeKalb County, Alabama, to prevent law enforcement officers from seizing them.

During March, 2007, the CI was at the residence of co-conspirator and Free Militia member Adam Lynn Cunningham on County Road 309 in Collinsville, Alabama. While at the residence, the CI observed approximately four (4) hand grenade devices on a coffee table and two (2) empty hand-grenade hulls brought in by a Free Militia member named Randall Garrett Cole. Cole held the rank of Lieutenant in the Free Militia.

The CI said that DILLARD picked up one of the hand grenades on the table and quickly put a fuse and shotgun-type primer inside of it. Then DILLARD said,

"That's how easy it is, this one's ready to go." DILLARD told the CI that he used explosive powder obtained from fireworks to construct grenades. DILLARD also told the CI that DILLARD could sell the CI some grenades because DILLARD needed money to buy additional grenade hulls from surplus stores.

On March 29, 2007, the CI traveled with DILLARD to Bynum, Alabama, to the Outpost Military Surplus store and purchased twelve (12) empty, military-training grenade hulls. On or about April 7, 2007, DILLARD and co-defendants Cole and James Ray McElroy gathered at Cunningham's residence in Collinsville for the purpose of constructing grenades and a silencer from the components acquired by the conspirators. Cole welded shut the bottoms of approximately eleven military hand grenade hulls and welded portions of the silencer.

On or about April 11, 2007, co-conspirator, Bonnell Hughes took possession of the partially completed silencer for the purpose of completing the construction of the device. On that same date, Hughes performed additional work on the silencer by inserting wire mesh between the baffles fo the silencer.

On or about April 13, 2007, DILLARD, Cole, and McElroy gathered at the Cunningham residence in Collinsville for the purpose of continuing to construct grenades from the components acquired by the conspirators. On that same date DILLARD and McElroy reassembled the fuse assemblies. On or about April 17,

2007, DILLARD and McElroy gathered at Cunningham's residence to complete the manufacture of the grenades.

On April 26, 2007, agents executed a search warrant at DILLARD's residence. DILLARD was arrested at the residence. At the time of his arrest DILLARD had a Browning 9 mm pistol in his possession. That firearm was manufactured outside the State of Alabama

On December 7, 1987, DILLARD was convicted of Burglary, Second Degree in the Circuit Court of Jefferson County, Alabama, in case number CC87-002. On June 11, 1996, DILLARD was convicted of Possession of an Unregistered Firearm in the United States District Court for the Southern District of Alabama in case number 95-0014-C.

The defendant hereby stipulates that the facts as stated above are substantially correct.

_Raymond Kirk Dillard_
RAYMOND KIRK DILLARD

## III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

    (a)    That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    (b)    That the defendant be sentenced at the low end of the sentencing guideline range as that range is determined by the Court.

    (c)    That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court.

    (d)    That the defendant pay a Special Assessment fee of $ 600, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

**In consideration of the recommended disposition of this case, I, RAYMOND KIRK DILLARD, hereby waive and give up my right to appeal**

my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

      (a)    Any sentence imposed in excess of the applicable statutory maximum sentence; and

      (b)    Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, discussed the Federal Sentencing Guidelines and their application to case with attorney, who explained them to satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, RAYMOND KIRK DILLARD, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Raymond K. Dillard*
**RAYMOND KIRK DILLARD**

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended

by the government is **NOT BINDING UPON THE COURT,** and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, does not have the right to withdraw plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of fifteen (15) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,**

**NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

6/25/07
DATE

Raymond K. Dillard
RAYMOND KIRK DILLARD
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised of his rights and all possible defenses. My client has conveyed to me that understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are consistent with the negotiations of counsel and in accord with my client's desires and my best judgement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

6/25/07
DATE

J. SCOTT BOUDREAUX, ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

6/25/07
DATE

MICHAEL W. WHISONANT
Assistant United States Attorney